Louis WEINSTOCK, Petitioner,

v.

SUBVERSIVE ACTIVITIES CONTROL
BOARD, Respondent.

No. 13422.

United States Court of Appeals
District of Columbia Circuit.

Submitted Oct. 3, 1962.

Decided Dec. 17, 1963.

No brief was filed on behalf of petitioner. On request of Mr. Reuben Terris, New York City, of the bar of the Court of Appeals of New York, the case was treated as submitted on the brief filed by petitioner American Committee for Protection of Foreign Born in No. 15960. Mr. Ralph E. Powe, Brooklyn, N. Y., entered an appearance for petitioner.

Mr. Kevin T. Maroney, Attorney, Department of Justice, with whom Mr. Frank R. Hunter, Jr., General Counsel, Subversive Activities Control Board, Mr.

George B. Searls, Mrs. Lee B. Anderson, and Mr. Robert L. Keuch, Attorneys, Department of Justice, and Messrs. Charles F. Dirlam and Peter P. Hanagan, Attorneys, Subversive Activities Control Board, were on the brief, submitted on the brief for respondent.

Mr. Edward J. Ennis, New York City, filed a brief on behalf of American Civil Liberties Union, as amicus curiæ.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and DANAHER, Circuit Judge.

PRETTYMAN, Senior Circuit Judge.

This is a petition for review of an order òf the Subversive Activities Control Board requiring the United May Day Committee to register as a Communist-front organization under Section 7 of the Subversive Activities Control Act of 1950.[1] The Board's order was issued on April 27, 1956, and subsequent to the filing of the petition in this court, upon stipulation of the parties, the case was held in abeyance pending the outcome of the *Communist Party* proceedings. The latter were finally resolved in June of 1961.[2] Thereafter this court ordered the filing of briefs and the scheduling of oral arguments in the present case. Petitioner[3] asked that the Committee not be required to file a brief but that the court consider the brief filed in a companion case, American Committee for Protection of Foreign Born v. Subversive Activities Control Board, decided this date,[4] as its brief "only insofar as any points of Constitutional Law are raised therein." This request was embodied in a motion, filed March 12, 1962, which further recited:

"Only Constitutional questions can be raised by the Petitioner in any brief that might be filed on his behalf by any attorney whom he

1. 64 Stat. 993, as amended, 50 U.S.C. § 786.

2. Communist Party of United States v. Subversive Activities Control Board, 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961).

3. The petition for review was filed by Louis Weinstock, "as Intervenor," on behalf of the organization, and he appears as petitioner in this court.

4. 117 U.S.App.D.C. ——, 331 F.2d 53 (1963).

could afford to retain. The Petitioner does not desire to have any facts or testimony reviewed by this Court, but is willing to rest his case on the Constitutional questions raised by the other organizations which are prosecuting their appeals."

The request was granted. Accordingly this petitioner is before the court seeking to have the Board's order set aside on constitutional grounds.

The Supreme Court in the *Communist Party* case, supra, held the registration features of the statute to be constitutional when applied to a Communist-action organization. This court held in Veterans of the Abraham Lincoln Brigade v. Subversive Activities Control Board, decided today,[5] that the opinion in the *Communist Party* case encompasses the statute when applied to Communist-front organizations. In that view the statute must be held valid in the case at bar. Accordingly the Board's order is

Affirmed.

BAZELON, Chief Judge (concurring).

Communist Party of United States v. Subversive Activities Control Board, 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961), sustained the statutory requirements for registration of Communist-action organizations but did not deal with the relationship between a Communist-action organization and a Communist-front organization. Two questions now arise. (1) Is a front closely enough related to the world Communist movement to justify restricting first amendment rights because of the Communist Party's support of the world Communist movement? (2) Must the question whether the Party is a Communist-action organization be re-litigated in a front case?

I do not contend that if the statute is properly construed its application to a

front violates the first amendment. See my dissenting opinion in American Committee for Protection of Foreign Born v. Subversive Activities Control Board, 117 U.S.App.D.C. ——, 331 F.2d 53 (1963), decided today. And I believe that due process does not demand relitigation of the Party's status in the present case because (a) the organization here affected by the Party's status has been found to be substantially controlled by the Party, (b) the Party argued the question of its status in a 14-month 14,000-page hearing and the Supreme Court affirmed the Board's finding, and (c) there is no indication that the organization here affected by the Party's status could produce evidence which would throw additional light on that matter.[1] The petitioner argues no other question. I therefore vote to affirm.

---

5. 117 U.S.App.D.C. ——, 331 F.2d 64 (1963).

1. We need not consider whether the Party's status would have to be litigated in

a proceeding to impose upon the petitioner or its members the civil or criminal sanctions of the Act.